NOT FOR PUBLICATION                                              (Doc. No. 56)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
JOSEPH SERFESS                      :
                                    :
            Plaintiff,              :     Civil No. 13-0406 (RBK/JS)
                                    :
    v.                              :
                                    :     **OPINION**
EQUIFAX CREDIT INFORMATION          :
SERVICES, LLC., et al.,             :
                                    :
            Defendants.             :
_____ :

**KUGLER**, United States District Judge:

This dispute arises out of the alleged inaccurate information appearing on the credit report of Plaintiff Joseph Serfess ("Plaintiff") after the sale of a property that he formerly owned. In his Second Amended Complaint ("SAC"), Plaintiff brings claims against Defendants Equifax Credit Information Services ("Equifax"),[1] Bank of America, and Bank of America, National Association (collectively "BANA" or "Defendants"), alleging a violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. (Count One), defamation (Count Two), invasion of privacy (Count Three), negligence (Count Four), and fraud and conspiracy to commit fraud (Count Five).[2] (See Doc. No. 25-1.) Presently before the Court is the motion of BANA to

---

[1] Equifax is no longer a party to this case, as this Court granted Equifax's motion for summary judgment on August 28, 2014. (Doc. No. 61.)

[2] The Court need not address Count Five, as Magistrate Judge Schneider has already denied with prejudice Plaintiff's motion to amend his Complaint as to this Count. (Doc. No. 72.)

1

dismiss the SAC pursuant to Federal Rules of Civil Procedure 12(b)(4), (5), and (6). For the reasons set forth below, Defendants' motion to dismiss is granted.

I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff alleges that Equifax reported "derogatory and inaccurate statements and information relating to Plaintiff's credit history to third parties," which had been furnished to Equifax by Defendants. (SAC, "Factual Allegations," ¶ 1.) Allegedly, BANA reported that Plaintiff had bad credit as a result of a foreclosure on his property, when in fact a short sale had been executed. (Id.) When Plaintiff attempted to purchase residential properties thereafter, he was denied, resulting in damages of at least $640,000. (Id. ¶¶ 6-7, 20.) Plaintiff disputed the inaccurate information with Equifax, but it continued to report it. (Id. ¶¶ 8, 16, 26.)

Plaintiff is proceeding pro se. He filed his initial Complaint against Defendants Equifax and its Chief Executive Officer, Rick Smith, on January 10, 2013, alleging violations of the FCRA, defamation, invasion of privacy, and negligence. (Doc. No. 1.) On February 28, 2013, Plaintiff filed an Amended Complaint removing Smith as a Defendant. (Doc. No. 5.) A Scheduling Order dated May 29, 2013, set a deadline of August 1, 2013, for any party to seek to amend the pleadings or to add new parties. (Doc. No. 12.) Nonetheless, Plaintiff filed a motion to amend pursuant to Fed. R. Civ. P. 15 on February 28, 2014, which sought to add BANA as Defendants as to Counts One through Four, and to assert a new Fifth Count against BANA and Equifax for fraud and conspiracy to commit fraud. (Doc. No. 25-1.) Plaintiff attached his proposed SAC to the motion in compliance with L. Civ. R. 7.1(f). The Court granted Plaintiff leave to amend his Complaint to add BANA as Defendants. (Doc. No. 34.) The Court provided that "plaintiff shall file and serve his Second Amended Complaint in accordance with this Order by June 30, 2014. Plaintiff shall serve the new [BANA] defendants in accordance with the

applicable Federal Rules of Civil Procedure." (Id. at p. 11.)  Plaintiff did not file his SAC.

BANA filed this unopposed[3] motion to dismiss pursuant to Rules 12(b)(4), (5), and (6) on August 25, 2014.

## II.   LEGAL STANDARD

### A.  Dismissal Pursuant to Federal Rules of Civil Procedure 12(b)(4) and (5)

A Complaint may be dismissed pursuant to Rule 12(b)(4) for insufficient process or Rule 12(b)(5) for insufficient service of process.  If the plaintiff does not properly serve the defendants with a copy of the summons and complaint, and the plaintiff does not file a valid waiver of service in accordance with Fed. R. Civ. P. 4, the district court may dismiss the case for lack of jurisdiction over the defendants.  See Adams v. AlliedSignal Gen. Aviation Avionics, 74 F.3d 882, 886 (8th Cir. 1996) (finding that where defendant is improperly served, district court lacks jurisdiction over defendant regardless of whether defendant had actual notice of lawsuit).

Rule 4(b) provides that "[a] summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served."  A summons is obtained by presenting a properly completed summons to the clerk for signature and seal at the time of or after the filing of the complaint. Fed. R. Civ. P. 4(b).  Further, "[a] summons must be served with a copy of the complaint" for service to be proper. Fed. R. Civ. P. 4(c)(1).  A court generally does not have jurisdiction over a defendant if there has been insufficient process or service of process.  Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not

---

[3] The Court notes that, because a defendant has the burden of demonstrating that a complaint fails to state a claim upon which relief can be granted, even if a party's motion to dismiss is uncontested, it must still be analyzed on its merits.  Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir.1991).  The Third Circuit admonished that "[i]f a motion to dismiss is granted solely because it has not been opposed, the case is simply not being dismissed because the complaint has failed to state a claim upon which relief may be granted.  Rather, it is dismissed as a sanction for failure to comply with the local court rule." Id. at 30.

exercise power over a party the complaint names as defendant.")  Rule 4(m) requires that a defendant must be served within 120 days after the complaint is filed.

### B.  Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted.  When evaluating such a motion, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).  In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To make this determination, a court conducts a three-part analysis.  Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).  First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim."  Id. (quoting Iqbal, 556 U.S. at 675).  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth."  Id. at 131 (quoting Iqbal, 556 U.S. at 680).  Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."  Id. (quoting Iqbal, 556 U.S. at 680).  This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679.  A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible.  Id.

The Court recognizes that a pro se pleading is held to less stringent standards than more formal pleadings drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Thus, "[a] pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Millhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, the court is not required to credit a pro se litigant's "bald assertions" or "legal conclusions." Morse v. Lower Merion Sch. Dist., 132 F. 3d 902, 906 (3d Cir. 1997).

## III.  DISCUSSION

### A.  Insufficient Process and Service of Process

The Court finds that dismissal is proper under Rule 12(b)(5).[4]  Plaintiff failed to file the SAC as expressly ordered by the Court. Attaching a proposed amended complaint to a motion for leave to amend, as Plaintiff did here, is not the equivalent of filing the amended complaint, even if the Court ultimately grants leave to amend the complaint. See L. Civ. R. 7.1(f). Since he never filed the SAC in the first place, it is impossible for Plaintiff to have served Defendants in accordance with Rule 4(m).[5]  "Since a summons can only be obtained if the plaintiff has filed a complaint, and the plaintiff must serve the summons and complaint as prescribed by Fed. R. Civ. P. 4, effective service presupposes a properly filed complaint, and the plaintiff's service is not

---

[4] Technically, Rule 12(b)(4) does not apply here because a motion pursuant to that Rule "is proper only to challenge noncompliance with the provisions of Rule 4(b) . . . that deal[] specifically with the content of the summons." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed.)  A Rule 12(b)(5) motion "is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." Cope v. SSI-SSA, No. 11-6569, 2013 WL 775760, at *3 (D.N.J. Feb. 28, 2013) (quoting Wright & Miller, supra).

[5] The time limitations of Rule 4(m) apply with equal force to an amended complaint that adds new parties. See Bolden v. City of Topeka, Kan., 441 F.3d 1129, 1148 (10th Cir. 2006) ("[T]he word complaint in the Rule 4(m) requirement . . . cannot be restricted to only the original complaint.  If it were, then a new party could not be added in an amended complaint filed more than 120 days after the original complaint, because the new party could not be served by the 120-day deadline.")

valid where a complaint served has not been filed first." 28 Federal Procedure, Lawyers Edition § 65:74 (2014); see also J.O. Alvarez, Inc. v. Rainbow Textiles, Inc., 168 F.R.D. 201, 202 (S.D. Tex. 1996) ("Effective service . . . presupposes a properly filed complaint.")  The Court cannot excuse the requirement of service of process just because a party proceeds pro se.  See Cain v. Abraxas, 209 F. App'x 94, 96 (3d Cir. 2006).  Moreover, even though Defendants have notice of the lawsuit against them, actual notice to the defendant is not the equivalent of proper service of process.  Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 569 (3d Cir. 1996) ("Notice of a claim is not sufficient.")

If proper service of a summons and complaint is not made within 120 days of filing the complaint, the action is subject to dismissal, without prejudice, or the court may "direct that service be effected within a specified time . . . ." Fed. R. Civ. P. 4(m).  Prior to dismissing a suit pursuant to Rule 4(m), however, the court should determine whether good cause exists for granting an extension of time to effectuate proper service.  Id; see also Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305–06 (3d Cir. 1995).  Good cause exists where there is a "demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995) (citing Petrucelli, 46 F.3d at 1312).  Some of the factors courts examine in determining whether good cause exists include: (1) the reasonableness of the plaintiff's efforts to serve, (2) the prejudice that may befall a defendant as a consequence of untimely service, and (3) whether plaintiff moved for an enlargement of time to serve.  Id. (citing the three factors but noting that although prejudice to the defendant is a consideration, the "absence of prejudice alone can never constitute good cause to excuse late

service"). In addition, the burden of establishing good cause rests with the plaintiff. Parker v. John Doe # 1, No. 02–7215, 2003 WL 21294962, at *2 (E.D. Pa. Jan. 21, 2003).

Based upon these principles, Plaintiff's failure to effectuate proper service appears unreasonable under the circumstances. Firstly, there is no evidence on the record that Plaintiff made any effort to effectuate proper service on Defendants, or obtain a valid waiver. On the contrary, Plaintiff demonstrated his capability to properly file complaints when he filed his initial Complaint and his Amended Complaint. See Doc. Nos. 1, 5. That Plaintiff is proceeding pro se is of no moment, because a pro se plaintiff is responsible for following court orders. See Briscoe v. Klaus, 538 F. 3d 252, 258 (3d Cir. 2008). In this case, Judge Schneider ordered that Plaintiff "shall file and serve" his SAC "in accordance with the applicable Federal Rules of Civil Procedure." Doc. No. 34, at p. 11. Plaintiff has failed to do so. Furthermore, Plaintiff has not moved for an enlargement of time to serve or file, nor has he even responded to BANA's motion to dismiss. The Court is baffled by Plaintiff's silence, especially in light of his unrelenting prosecution of this lawsuit against Equifax, who is no longer even a party in this matter. Accordingly, this Court finds that Plaintiff has not met his burden of demonstrating good cause for failure to effectuate service on BANA, and the SAC will be dismissed.

### B. Failure to State a Claim

Although the Court can dismiss the SAC based on Plaintiff's insufficient service of process, it will nonetheless address Defendants' alternative argument that the SAC should be dismissed for failure to state a claim upon which relief may be granted. Defendants argue that the FCRA claim fails because Plaintiff does not allege that BANA is a Consumer Reporting Agency ("CRA"). Defs.' Br. 8-10. The Court agrees with Defendants that Plaintiff has failed to

state a claim upon which relief may be granted because BANA is not a CRA as defined in the FCRA.[6]

Count One of the SAC seeks relief against Equifax for violations of two sections of the FCRA: 15 U.S.C. §§ 1681e and 1681i.  SAC, "Count One," ¶ 6.  Plaintiff alleges that Equifax was a CRA as defined by the FCRA.  Id. ¶ 2.  As to BANA, Plaintiff does not allege that these Defendants were a CRA, but rather that they were a "'person' (as corporation), 'furnisher', and 'banking institution' that acted in violation of HUD and TILA."  Id. ¶ 3.  Though he does not allege that BANA is a CRA, still it appears that Count One is directed at BANA insofar as Plaintiff specifically alleges that Defendants are liable to Plaintiff for this Count.  See id. ¶ 8.

Relief under 15 U.S.C. §§ 1681e and 1681i requires that the defendant be a CRA.  The FCRA defines a CRA as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties . . . ." § 1681a(f).  Embedded in the CRA definition is "consumer report," which is defined as:

> [A]ny written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for-- (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 1681b of this title.

§ 1681a(d)(1).  Expressly excluded from the definition of a consumer report is any "report containing information solely as to transactions or experiences between the consumer and the person making the report."  § 1681a(d)(2)(A)(i).

---

[6] Because the Court finds dismissal appropriate on these grounds, it need not address Defendants' alternative argument that the claims are time-barred by the applicable statutes of limitations.  See Defs.' Br. 6-8.

8

Here, according to Plaintiff, BANA incorrectly reported to Equifax that BANA had foreclosed on Plaintiff's property rather than reporting the transaction as "a 'short sale' that Defendants . . . had reached a settlement agreement on with Plaintiff." SAC, "Factual Allegations," ¶ 1. Plaintiff alleges that BANA had "agreed, accepted and authorized the short sale of Plaintiff's property." Id. ¶ 2. Essentially, Plaintiff complains that BANA misreported to Equifax "information solely as to transactions or experiences between the consumer [Plaintiff] and the person making the report [BANA]," thus fitting into the exclusion in the definition of consumer report. 15 U.S.C. § 1681a(d)(2)(A)(i). Nowhere in the SAC does Plaintiff allege that BANA was a CRA, or furnished credit reports; rather, Plaintiff repeatedly alleges that BANA issued inaccurate information to Equifax, who, as a CRA, then issued the credit reports. See, e.g., SAC, "Factual Allegations," ¶¶ 4, 5, 26. Case law is clear that an entity that merely furnishes credit information to credit reporting agencies is not a CRA. See Smith v. First Nat'l Bank of Atlanta, 837 F.2d 1575, 1578 (11th Cir. 1988) ("[W]here [a bank] has reported information based solely on its own experience with one of its customers, the Bank is not acting as a 'consumer reporting agency,' within the meaning of the Fair Credit Report Act, because . . . it has not furnished a 'consumer report' as that term is defined in the Act."); Owusu v. New York State Ins., 655 F. Supp. 2d 308, 327 (S.D.N.Y. 2009); Vrlaku v. Citibank, No. 05-1720, 2005 WL 2338852, at *4-5 (D.N.J. Sept. 23, 2005). Accordingly, sections 1681e and 1681i of the FCRA do not provide a remedy as against BANA, and dismissal is appropriate.

Because the Court will dismiss Plaintiff's FCRA claim, which was the basis for this Court's original jurisdiction, and the Plaintiff has pleaded no other basis for jurisdiction, the Court will decline to exercise supplemental jurisdiction over the remaining state law claims enumerated in Counts Two, Three, and Four of the SAC. See 28 U.S.C. § 1367(c)(3).

**IV.     CONCLUSION**

For the reasons stated herein, Defendants' motion to dismiss is granted. Plaintiff may file a motion for leave to amend his complaint to cure the deficiencies noted herein within the requisite time period stated in the Order accompanying this Opinion. See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) ("[E]ven when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile.") (emphasis added).[7] An appropriate order shall issue.


Dated: 2/5/2015                                                            s/ Robert B. Kugler
                                                                                                  ROBERT B. KUGLER
                                                                                                  United States District Judge

---

[7] In the event that Plaintiff files such a motion and the Court grants leave to amend, Plaintiff is reminded that he must actually file and serve his amended complaint in compliance with the Federal Rules of Civil Procedure.