NOT FOR PUBLICATION                                              (Doc. Nos. 78 & 85)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
Joseph SERFESS,                     :
                                    :
                    Plaintiff,      :    Civil No. 13-0406 (RBK/JS)
                                    :
            v.                      :    **OPINION**
                                    :
EQUIFAX CREDIT INFORMATION          :
SERVICES, LLC, et al.,              :
                                    :
                    Defendants.     :
_____ :

**KUGLER**, United States District Judge:

This matter is before the Court on three motions of Joseph Serfess ("Plaintiff"): Motion to Reinstate All Claims Against Defendant Equifax (Doc. No. 78), Motion for Summary Judgment (against all defendants) (Doc. No. 78), and Motion to Strike and Dismiss Declaration of Latonya Munson (Doc. No. 85). For the reasons set forth in this Opinion, all motions are **DENIED**.

I.      BACKGROUND

This action arises out of allegedly inaccurate information that appeared on Plaintiff's credit report following the short sale of his property. Pl. Motion to Reinstate 2. This Court granted Defendant Equifax's motion for summary judgment in its entirety on August 28, 2014. *See* Aug. 28, 2014 Op. and Order. Magistrate Judge Schneider then denied Plaintiff's motion to amend his complaint. *See* Magistrate Judge Schneider's Order of October 7, 2014. On January 14, 2015, Plaintiff filed this Motion to Reinstate All Claims Against Defendant Equifax and

1

Motion for Summary Judgment (as to all defendants). Equifax opposed Plaintiff's motion, and filed a Declaration of Latonya Munson in support of its opposition on February 3, 2015. Plaintiff then filed his Motion to Strike the Declaration of Latonya Munson on March 12, 2015.

On February 5, 2015, this Court granted Defendant Bank of America's motion to dismiss in its entirety, but allowed Plaintiff to file a motion for leave to amend his complaint within fourteen (14) days. *See* Feb. 5, 2015 Op. and Order. Magistrate Judge Schneider granted in part and denied in part Plaintiff's Motion for Leave to File Second (Third) Amended Complaint. *See generally* Magistrate Judge Schneider's Order of August 27, 2015. The Order denied Plaintiff's motion with respect to Equifax, finding that Plaintiff had not "met the Rule 60(b) standard to amend a post-judgment pleading." *Id.* at 6. The Order also denied Plaintiff's motion with respect to Bank of America, "except to the extent it pleads a new cause of action under" 15 U.S.C. §1681s-2(b). *Id.*

## II.    STANDARDS

### A. Motion for Relief from a Judgment or Order

Federal Rule of Civil Procedure 60(b) provides that "the court may relieve a party . . . from final judgment, order or proceeding" on the grounds of:

> (1) mistake, inadvertence, surprise or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b) is "a provision for extraordinary relief and may be raised only upon a showing of exceptional circumstances." *Mendez v. Sullivan*, 488 F. App'x 566, 569 (3d Cir. 2012) (per curiam).

### B. Motion for Summary Judgment

Pursuant to Local Civil Rule 56.1, the Court shall dismiss "[a] motion for summary judgment unaccompanied by a statement of material facts not in dispute." The statement must "set[] forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion." Local Civil Rule 56.1.

### C. Motion to Strike

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A court has "considerable discretion" in deciding a Rule 12(f) motion. *Tonka Corp. v. Rose Art. Indus., Inc.*, 836 F.Supp. 200, 217 (D.N.J. 1993). However, "[m]otions to strike are highly disfavored." *Eisai Co., Ltd. v. Teva Pharmaceuticals USA, Inc.*, 629 F.Supp.2d 416, 424 (D.N.J. 2009).

## III.   DISCUSSION

### A. Plaintiff's Motion to Reinstate All Claims Against Defendant Equifax

Although Plaintiff styles his motion as a motion to "reinstate all claims against Defendant Equifax," it is a Rule 60(b) motion for relief from final judgment. Relief from final judgment is "extraordinary relief" and Plaintiff does not show "exceptional circumstances." *Mendez*, 488 F. App'x at 569. This Court agrees with Magistrate Judge Schneider's Order of August 27, 2015: Plaintiff does not meet the high standard for relief from final judgment. As such, Plaintiff's Rule 60(b) motion is **DENIED**.

### B. Plaintiff's Motion for Summary Judgment

Plaintiff did not include a statement of undisputed material facts, as required by Local Civil Rule 56.1. *See generally* Pl. Motion to Reinstate. Therefore, Plaintiff's Motion for Summary Judgment is **DENIED**.

Because Plaintiff's Rule 60(b) motion was denied as to Equifax, it would be futile for Plaintiff to amend its Motion for Summary Judgment as to Equifax. As such, Plaintiff's Motion for Summary Judgment as to Equifax is **DENIED WITH PREJUDICE**.

Magistrate Judge Schneider granted Plaintiff's motion to amend his complaint as to Bank of America only to the extent of a new claim under 15 U.S.C. § 1681s-2(b). *See* Magistrate Judge Schneider's Order of August 27, 2015 at 16. As such, Plaintiff's Motion for Summary Judgment as to Defendant Bank of America is **DENIED WITHOUT PREJUDICE** for his potential section 1681s-2(b) claim, but **DENIED WITH PREJUDICE** for all other claims against Bank of America.

### C. Plaintiff's Motion to Strike and Dismiss Declaration of Latonya Munson

Plaintiff "moves to strike Latonya Munson's Declaration as inadmissible hearsay" because he asserts "it provides no real evidence/irrelevant evidence to the matter." Pl. Motion to Strike 3. But Ms. Munson's Declaration is not "redundant, immaterial, impertinent, or scandalous." *See* Fed. R. Civ. P. 12(f). Ms. Munson is a Consumer Research Analyst for Equifax, and she attested to the facts in her Declaration "based on [her] personal knowledge gained through [her] employment with Equifax and/or [her] review of Equifax's business records." Decl. of Latonya Munson ¶ 3. Furthermore, her Declaration is relevant because it concerns the status of Plaintiff's Bank of America account with Equifax, *id.* at ¶¶ 4-5, and thus responds to allegations set forth in Plaintiff's Motion to Reinstate. *See* Pl. Motion to Reinstate 3

4

("[I]t appears that Bank of America has not corrected the information it is sending to Equifax, or has reinstated the incorrect information to Equifax."). As such, Plaintiff's Motion to Strike and Dismiss Declaration of Latonya Munson is **DENIED**.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's motions are **DENIED**.

Dated:   09/01/2015                                                                 s/ Robert B. Kugler

ROBERT B. KUGLER

United States District Judge