NOT FOR PUBLICATION (Doc. Nos. 106 & 111)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | | |
|---|---|---|
| Joseph SERFESS, | : | |
| Plaintiff, | : | Civil No. 13–0406 (RBK/JS) |
| v. | : | **OPINION** |
| EQUIFAX CREDIT INFORMATION SERVICES, LLC, et al., | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

This matter is before the Court upon Defendant Bank of America, N.A.'s ("BANA") Motion for Summary Judgment (Doc. No. 106) and Plaintiff Joseph Serfess's Motion to Strike (Doc. No. 111). For the reasons set forth in this Opinion, Plaintiff's Motion to Strike is **DENIED** and BANA's Motion for Summary Judgment is **GRANTED**.

**I.     SUMMARY JUDGMENT STANDARD**

The court should grant a motion for summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "material" to the dispute if it could alter the outcome, and a dispute of a material fact is "genuine" if "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In deciding whether there is any genuine issue for trial, the court is not to weigh evidence or decide issues of fact. *Id.* at 248. Because fact and credibility determinations are for the jury, the non-moving party's evidence is to be believed and ambiguities construed in her favor. *Id.* at 255.

1

Although the movant bears the burden of demonstrating that there is no genuine issue of material fact, the non-movant likewise must present more than mere allegations or denials to successfully oppose summary judgment. *Anderson*, 477 U.S. at 256. The nonmoving party must at least present probative evidence from which jury might return a verdict in his favor. *Id.* at 257. Furthermore, the nonmoving may not simply allege facts, but instead must "identify those facts of record which would contradict the facts identified by the movant." *Port Auth. of New York and New Jersey v. Affiliated FM Ins. Co.*, 311 F.3d 226, 233 (3d Cir. 2002). The movant is entitled to summary judgment where the non-moving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## II.   BACKGROUND

This action arises out of allegedly inaccurate information that appeared on Plaintiff's credit report following the short sale of his property. *See* Third Amd. Compl. at 3 (Doc. No. 99). Before describing the facts of this case, the Court notes that Plaintiff's Statement of Material Facts fails to present more than mere allegations or denials. *See Anderson*, 477 U.S. at 256. He fails to cite to any affidavits or other evidence properly submitted to the record. *See generally* Pl.'s Statement of Material Facts ("PSMF"). Instead, Plaintiff largely cites to his Third Amended Complaint, *see, e.g.,* PSMF ¶ 1, and his Second Amended Complaint. *See, e.g., id.* ¶ 5. The exhibits attached to Plaintiff's Second Amended Complaint were not properly submitted to the record, and the Court cannot consider those documents as evidence in deciding Defendant's Motion for Summary Judgment. *See* L. Civ. R. 56.1(a). This Court will construe the evidence in the record in the light most favorable to Plaintiff. *See Anderson*, 477 U.S. at 255.

On November 27, 2006, Plaintiff and Phyllis Ferretti signed an Adjustable Rate Note ("Loan") to refinance real property in Clayton, Delaware ("Property"). *See* Defendant's Statement of Material Facts ("DSMF") ¶ 3–4. The Loan's original principal amount was $356,400, and it was secured by a mortgage on the Property. *See id.* ¶ 5. Through a series of mergers and acquisitions, Defendant Bank of America, N.A. ("BANA"), began to service Plaintiff's Loan on July 1, 2011. *Id.* ¶¶ 6–9.

On March 31, 2011, Plaintiff and Ms. Ferretti sold the Property for $285,000.00. *Id.* ¶ 12. Plaintiff and Ms. Ferretti, along with the buyers, signed a HUD-1 Settlement Statement. *Id.* ¶ 13. The sale was a "short sale"—BANA received a payment of $262,821.48, and Plaintiff and Ms. Ferretti owed BANA a deficiency balance of $87,745.93 on the Loan. *Id.* ¶¶ 14–16. BANA reported to Equifax that Plaintiff's Loan had been "charged off". BANA Decl. ¶¶ 23–25.

Plaintiff disputed BANA's credit reporting regarding the Loan to Equifax Credit Information Services, LLC ("Equifax") eight times. *See* DSMF ¶¶ 19–20. Equifax sent Automated Credit Dispute Verification forms ("ACDV") to BANA regarding each dispute. *See id.* ¶¶ 19–43. BANA received the last ACDV from Equifax regarding Plaintiff's loan on February 15, 2013. *Id.* ¶ 43. BANA investigated each dispute and reported the results of its investigations to Equifax. *See id.* ¶¶ 19–43.

Plaintiff filed his Complaint against Equifax on January 10, 2013 (Doc. No. 1).[1] On February 28, 2014, Plaintiff moved to amend his Complaint to include claims against BANA (Doc. No. 25). On February 5, 2015, this Court granted BANA's motion to dismiss in its entirety, but allowed Plaintiff to file a motion for leave to amend his complaint within fourteen

---

[1] Equifax has since been dismissed as a party to this case. *See* Aug. 28, 2014 Op. and Order (Doc. Nos. 60 & 61).

(14) days. *See* Feb. 5, 2015 Op. and Order. Magistrate Judge Schneider granted in part and denied in part Plaintiff's Motion for Leave to File Second (Third) Amended Complaint. *See generally* Magistrate Judge Schneider's Order of August 27, 2015 (Doc. No. 95). The Order denied Plaintiff's motion "except to the extent it pleads a new cause of action under" 15 U.S.C. §1681s-2(b) against BANA. *Id.* BANA then filed its Motion for Summary Judgment (Doc. No. 106) on February 1, 2016, and Plaintiff filed his Motion to Strike (Doc. No. 111) on February 26, 2016.

### III. DISCUSSION

The Court will address Plaintiff's Motion to Strike before deciding Defendant's Motion for Summary Judgment.

#### A.   Plaintiff's Motion to Strike

Plaintiff moves to strike (1) the Declaration of Robert E. Warring, Esq. ("Warring Declaration") (Doc. No. 106–6), (2) Defendant's Memorandum of Points and Authorities ("Defendant's Memorandum") (Doc. No. 106–1), and (3) the Declaration of Bank of America, N.A. ("BANA Declaration") (Doc. No. 108). *See* Pl.'s Mot. at 1.

##### 1.   Warring Declaration

The Warring Declaration sets out the procedural history of this case, *see* Warren Decl. ¶¶ 3–21, and authenticates Plaintiff's "Responses to Defendant's Requests for Production" and relevant documents attached thereto. *See id.* ¶¶ 22–23. Mr. Warring's averments regarding the procedural history of this case are not admissible as evidence against Plaintiff, but do provide context for Defendant's Motion for Summary Judgment. The Court declines to strike such averments.

Plaintiff argues that this Court should strike the Warring Declaration because Mr. Warring is Defendant's attorney. *See* Pl.'s Mot. at 3–4. But neither the Federal Rules of Civil Procedure nor this Court's Local Civil Rules prohibit attorneys from submitting declarations to authenticate documents. *See* Fed. R. Civ. P. 56(c)(4) (providing that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."); L. Civ. R. 7.2(a) (stating that "[a]ffidavits shall be restricted to statements of fact within the personal knowledge of the affiant," and "[a]rgument of the facts and the law shall not be contained in affidavits"). This Court is satisfied that Mr. Warring has personal knowledge regarding discovery and Plaintiff's "Responses to Defendant's Requests for Production" in this case. As such, Plaintiff's Motion to Strike the Warring Declaration is **DENIED**.

### 2. Defendant's Memorandum

Defendant's Memorandum of Points and Authorities is not evidence against Plaintiff, but rather a brief that sets out the legal arguments for why this Court should grant summary judgment to Defendant. This Court agrees with Plaintiff that Defendant's Memorandum is inadmissible at trial and cannot be considered evidence. *See* Pl.'s Mot. at 2. But Plaintiff has provided no basis upon which this Court should strike Defendant's legal arguments. As such, Plaintiff's Motion to Strike Defendant's Memorandum is **DENIED**.

### 3. BANA Declaration

The BANA Declaration is sworn by Wendy Covarrubias Sevier, an Assistant Vice President for BANA. *See* BANA Decl. ¶ 1. Plaintiff argues that the BANA Declaration should be stricken as a "sham affidavit" because "Ms. Sevier was never listed as a witness, was never

5

deposed, and was never cross-examined by Plaintiff[.]" *See* Pl.'s Mot. at 5–7. But the "sham affidavit" doctrine does not apply here—Ms. Sevier did not give previous deposition testimony that the BANA Declaration now contradicts. She avers that "[t]he information contained in this declaration is true and correct to the best of my personal knowledge, information, and belief" and that she could competently testify based on her "personal knowledge and the business records of BANA." BANA Decl. ¶ 1. Business records "are not excluded by the rule against hearsay," if such records are properly admitted pursuant to Federal Rule of Evidence 803(6). Plaintiff's Motion to Strike the BANA Declaration is **DENIED**.

### B. Defendant's Motion for Summary Judgment

Plaintiff's only remaining claim against BANA is his 15 U.S.C. § 1681s–2(b) claim under the Fair Credit Reporting Act ("FCRA"). *See* Magistrate Judge Schneider's April 14, 2016 Order (Doc. No. 117). Plaintiff alleges that Defendant violated Section 1681s–2(b) by "failing to conduct a reasonable investigation of Plaintiff's dispute[.]" Second (Third) Amd. Compl. ¶¶ 41, 49 (Doc. No. 99). Section 1681o provides a private cause of action for violations of Section 1681s–2(b). *Seamans v. Temple University*, 744 F.3d 853, 864 (3d Cir. 2014) (citing *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011)).

#### 1. Statute of Limitations

Section 1681p of the FCRA provides that a claim must be brought no later than "2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability[.]" To determine when Plaintiff brought his claim against BANA, this Court must decide whether his Amended Complaint relates back to his original Complaint. Plaintiff filed his original Complaint against Equifax on January 10, 2013 (Doc. No. 1). The original Complaint did not bring any

6

claims against BANA. *See generally* Compl. Plaintiff first alleged claims against BANA on February 28, 2014, in his Motion for Leave to Amend (Doc. No. 25).

Federal Rule of Civil Procedure 12(c) governs when "[a]n amendment to a pleading relates back to the date of the original pleading[.]" Because BANA was not named as a defendant in Plaintiff's original Complaint, his Amended Complaint cannot relate back to the original Complaint unless BANA "received such notice of the action that it will not be prejudiced in defending on the merits" and "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 12(c)(1)(C)(i)–(ii). Plaintiff failed to introduce any evidence that BANA received notice of the original Complaint, or that BANA should have known that Plaintiff was attempting to bring suit against it. As such, this Court finds that Plaintiff's Motion for Leave to Amend does not relate back to the filing of the original Complaint. The date Plaintiff filed his Motion for Leave to Amend—February 28, 2014—is therefore the relevant date for the purposes of the statute of limitations. The two-year statute of limitations bars Plaintiff's claims for any alleged violations by BANA that Plaintiff discovered before February 28, 2012.

### 2.     15 U.S.C. § 1681s–2(b)

The only claim before this Court is Plaintiff's 15 U.S.C. § 1681s–2(b) claim against BANA, covering the disputes raised after February 28, 2012. Section 1681s–2(b) requires furnishers of credit information to conduct reasonable investigations with respect to any information disputed to a consumer reporting agency. *See Seamans*, 744 F.3d at 864. Whether an investigation is reasonable "is normally a question for trial unless the reasonableness or unreasonableness of the procedures is beyond question." *See Seasmans*, 744 F.3d at 864–65 (citing *Cortez v. Trans Union, LLC*, 617 F.3d 688, 709 (3d Cir. 2010)).

7

Plaintiff raised three disputes after February 28, 2012—March 1, 2012, April 15, 2012, and February 15, 2013. BANA introduced evidence that it properly investigated those disputes, determined the accuracy of the disputed information, and reported the results of its investigations to Equifax. *See* BANA Decl. ¶¶ 38–44. The evidence before this Court demonstrates that Plaintiff owed BANA a deficiency balance of $87,745.00 on the Loan, as BANA reported to Equifax after the March 1, 2012 and April 15, 2012 disputes. Plaintiff failed to introduce any evidence that the disputed information was inaccurate or incomplete, or that BANA did not conduct reasonable investigations with respect to the disputed information.

The Court acknowledges that BANA changed its reporting to Equifax after the February 15, 2013 dispute to state that the Loan was a "paid or closed Account/zero balance" and "paid in full for less than the full amount". *See* DSMF ¶ 42. But there is still no evidence before this Court that BANA's previous reports that Plaintiff owed a deficiency balance of $87,745.00 on the Loan were inaccurate, or that BANA modified the report for any reason other than "internal business purposes". *See* BANA Decl. ¶ 45. As such, there is no genuine dispute of material fact regarding whether BANA satisfied its obligation to reasonably investigate pursuant to Section 1681s–2(b).[2] This Court will therefore grant BANA's Motion for Summary Judgment, and enter judgment in favor of BANA and against Plaintiff.

---

[2] The Court notes that, even if Plaintiff properly introduced evidence that the disputed information was inaccurate or incomplete and that BANA failed to reasonably investigate the disputes, Plaintiff still failed to introduce any evidence into the record that he was harmed by BANA's furnished information. For example, Plaintiff relies on allegations in his Second Amended Complaint to support his assertion that he was not able to purchase real property because of information submitted by BANA. *See* PSMF ¶ 11.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike is **DENIED** and BANA's Motion for Summary Judgment is **GRANTED**. Judgment will be entered for BANA and against Plaintiff.


Dated:   08/24/2016                                                              s/ Robert B. Kugler

                                                                                             ROBERT B. KUGLER

                                                                                             United States District Judge