<u>NOT FOR PUBLICATION</u>                                    (Doc. No. 122)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____
                                                      :
Joseph SERFESS,                              :          Case No. 13-406 (RBK/JS)
                                                      :
                              Plaintiff,       :          **Opinion**
                                                      :
              v.                                   :
                                                      :
EQUIFAX CREDIT                              :
INFORMATION SERVICES, et al.,      :
                                                      :
                         Defendant(s).  :
_____  :

**KUGLER**, United States District Judge:

This matter comes before the Court upon Plaintiff Joseph Serfess's Motion to Extend the

Time to File A Notice of Appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A). For

the following reasons, Plaintiff's Motion is **DENIED**.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On August 24, 2016, the Court entered an Order granting summary judgment on

Defendant Bank of America, National Association's ("BANA") Motion for Summary Judgment

and denying Plaintiff's Motion to Strike ("Order") (Doc. Nos. 117, 118). Plaintiff filed a Notice

of Appeal to appeal the Order on September 26, 2016 (Doc. No. 120). On October 3, 2016, the

United States Court of Appeals, Third Circuit, sent Plaintiff a letter stating that Third Circuit

may lack jurisdiction over the appeal because the notice was not filed within 30 days following

the Order, as required by Federal Rule of Appellate Procedure 4(a)(1)(A). Plaintiff then filed the

present Motion to Extend the Time to File A Notice of Appeal on October 17, 2016 (Doc. No. 122). BANA filed an Opposition on November 2, 2016 (Doc. No. 124).

## II.     DISCUSSION

In a civil case, notice of appeal must be filed "within thirty days after the entry of such judgment, order, or decree." 28 U.S.C. § 2107(a); *see also* Fed. R. App. P. 4(a)(1)(A). The Court's Order was entered on August 24, 2016. Under the computing rules of Federal Rule of Appellate Procedure 26(a)(1), Plaintiff had until September 23, 2016 to file a timely notice of appeal. He failed to do so. If a party moves to extend the time to file a notice of appeal "no later than 30 days after the time prescribed in Rule 4(a) expires[,]" the court may grant an extension upon that party's showing of "excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). Here, Plaintiff had until October 24, 2016 to file a motion to extend the time to appeal. Plaintiff filed the motion for an extension on October 17, 2016, which falls within the time required by Federal Rule of Appellate Procedure 4(a)(5)(A).

The good cause standard applies "in situations in which there is no fault—excusable or otherwise." Fed. R. App. P. 4(a)(5)(A)(ii), Committee Notes on Rules—2002 Amendment. A movant must demonstrate that he could not control the reason for delay. *See Joseph v. Hess Oil Virgin Island Corp.*, 651 F.3d 348, 356 (3d Cir. 2011). Plaintiff attempts to show good cause by arguing that the filing of his notice of appeal was delayed because the Clerk's Office was closed over the September 24, 2016 weekend. However, the 30 day window had expired the preceding Friday, September 23, 2016, and Plaintiff mailed his appeal on Saturday, September 24, 2016. Thus, the reason for the delay was Plaintiff's mistake in calculating the 30 day window, not an outside factor beyond his control. Plaintiff thus cannot to show good cause and must demonstrate excusable neglect to qualify for an extension of time under Rule 4(a)(5)(A).

To determine whether a party's neglect is "excusable," a court must "tak[e] account of all relevant circumstances surrounding the party's omission" and make an equitable determination. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). A court should grant an extension only in "limited and exceptional" circumstances because of "[t]he interest in finality and desire to avoid needless delay that underlie our rules and procedures." *Joseph*, 651 F.3d at 355. A court must consider factors such as "the danger of prejudice to the [non-moving party], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co.*, 507 U.S. at 395. Although "no one factor is dispositive," *Kanoff v. Better Life Renting Corp.*, 350 Fed. Appx. 655, 657 (3d Cir. 2009), "the reason-for-delay factor will always be critical to the inquiry." *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000).

Plaintiff filed this Motion on October 17, 2016, 24 days after the time prescribed by Rule 4(a)(1)(A) expired.[1] Because the movant is required to make a Rule 4(a)(5)(A) motion no more than 30 days after the original time to appeal has lapsed, "the prejudice to the non-movant will often be negligible" and "delay always will be minimal in actual if not relative terms." *Lowry*, 211 F.3d at 463. Here, BANA does not specifically allege it has been prejudiced by the delay. *See* Def.'s Opp'n Br. Although 24 days is not negligible in comparison to the 30 day time frame, the delay does not appear to have interfered with judicial proceedings. In addition, the Court does not question Plaintiff's good faith.

---

[1] The Third Circuit has held that the date of the motion to extend the time to file a notice of appeal, not the date of a notice of appeal, is the relevant date for purposes of Federal Rule of Appellate Procedure 4(a)(5)(A). *Herman v. Guardian Life Ins. Co. of Am.*, 762 F.2d 288, 290 (3d Cir. 1985)

The remaining factor, reason for the delay, is the most important. *Id.* at 463. A court may find excusable neglect if the movant's omission is the "result of things such as misrepresentations by judicial officers, lost mail, and plausible misinterpretations of ambiguous rules." *McCarty v. Astrue*, 528 F.3d 541, 544 (7th Cir. 2008). Although excusable delay is an "elastic concept," "inadvertence, ignorance of the rules, or mistakes construing the rules" usually do not suffice. *Pioneer Inv. Servs. Co.*, 507 U.S. at 392 (citations omitted). In the instant case, Plaintiff failed to timely file a notice of appeal because he miscalculated the 30 days under Federal Rule of Appellate Procedure 26(a). As the Supreme Court has recognized, mistakes in construing the rules usually do not suffice to show excusable neglect.

Plaintiff notes that he is a pro se litigant who has a busy job and is unfamiliar with the courts' procedural rules. It is well-accepted that the court liberally construes pro se pleadings. *Higgs v. Atty. Gen. of the United States*, 655 F.3d 333, 339 (3d Cir. 2011). Courts have also relaxed procedural rules for incarcerated litigants. *McNeil v. United States*, 508 U.S. 106, 113 (1993). However, the Supreme Court has cautioned that it has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *Id.* Other courts in this Circuit have granted motions extending time to appeal brought by pro se litigants, but in those cases the plaintiff had previously expressed confusion about the deadline in light of another pending appeal, claimed difficulty accessing court documents, or averred he had received incorrect guidance that led him to file the appeal with the New Jersey Supreme Court. *See Gilmore v. Macy's Retail Holdings*, No. Civ. 06-3020 (JBS/AMD), 2009 WL 2488194, at *2 (D.N.J. Aug. 11, 2009); *Parikh v. United Parcel Serv., Inc.*, No. Civ. 09-1652 (DMC)(JAD), 2012 WL 1134912, at *2 (D.N.J. Apr. 3, 2012). Here, Plaintiff is not incarcerated, did not confront a complex procedural posture, does not allege

difficulty accessing court documents, and does not show other attempts to properly file the appeal. The only reason he proffers for the delay is a demanding job and mistake in reading the federal rules. Even if a misreading is viewed leniently in light of Plaintiff's pro se status, he nonetheless had 30 days to draft a short document, one that did not include a brief, and submit it for filing. Absent evidence of attempts by Plaintiff to try to file the appeal within the 30 day time limit, the Court will not find excusable neglect. Plaintiff has failed to show good cause or excusable neglect, and the Motion is **DENIED**.

Dated:    11/4/2016                                              s/ Robert B. Kugler

                                                                ROBERT B. KUGLER

                                                                United States District Judge